# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALBERT GEORGE CURTIS,

          Plaintiff,

    v.

HOME DEPOT U.S.A., Inc., et al.,

          Defendants.

Case No.  1:13-cv-01151-AWI-GSA

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT

(Doc. 18)

## I.

## BACKGROUND

Plaintiff Albert George Curtis ("Plaintiff") brought this action against Defendants Home Depot U.S.A., Inc. and HD Development of Maryland, Inc. ("Defendants") under Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and related California disability laws.  Plaintiff, who is physically disabled and uses a wheelchair, alleges that he visited a Home Depot store ("Store") owned and/or operated by Defendants, on several occasions.  Doc. 2, ¶¶ 7-10.  Each time, his full and equal enjoyment of the facilities, goods and services offered by the Store was allegedly impeded by the lack of an accessible travel route from the designated disabled parking space to the Store's entrances in violation of the ADA.

1

Doc. 2, ¶ 10.  Plaintiff seeks, *inter alia*, an injunction under the ADA requiring the Store to remove barriers to access related to his disability and monetary damages pursuant to provisions of California law.  Doc. 2 at 8.

Pending before the Court is Plaintiff's motion to amend his original complaint pursuant to Federal Rule of Civil Procedure 15(a).  Plaintiff seeks to amend his complaint to include allegations that the Store has additional barriers to access related to Plaintiff's disabilities beyond those identified in the original complaint.  Doc. 18-2, ¶ 11.  Plaintiff's original complaint included only barriers that Plaintiff personally encountered when visiting the Store.  Doc. 2. ¶ 10.  The additional barriers Plaintiff now seeks to include were identified pursuant to a site-inspection conducted after the filing of the original complaint.  Doc. 18-1 at 2.

Plaintiff filed his original complaint on July 24, 2013.  Doc. 2.  The Court's scheduling order thereafter set a deadline of January 10, 2014 for any amendments to the pleadings.  Doc. 17.  Plaintiff filed the instant motion to amend the complaint on January 10, 2014.  Doc. 18.  Defendants filed an opposition on January 31, 2014.  Doc. 20.  Plaintiff filed a reply on February 7, 2014.  Doc. 23.  The matter was set for hearing on March 7, 2014, but was taken under submission on the papers pursuant to Local Rule 230(g).

For the reasons set forth below, Plaintiff's motion for leave to file a first amended complaint is GRANTED.

## II.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings.  Rule 15 provides that a complaint may be amended as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading.  Fed. R. Civ. P., Rule 15(a)(1)(A) and (B).  Rule 15 further provides that "[i]n all other cases, a party may amend its pleading only with the

opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires." Fed. R. Civ. P., Rule 15(a)(2).  As a general matter, courts apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *also see DCD Programs Ltd. v. Leighton*, 833 F.2d  183, 186 (9th Cir. 1987) ("[r]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality") (parentheses in original, internal quotation marks omitted).

In determining whether to grant leave to amend, courts consider a number of factors identified by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962).  These factors, known as the *Foman* factors, include (1) bad faith on the part of the movant; (2) undue delay or dilatory motive on the part of the movant; (3) repeated failure on the part of the movant to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment.  *Eminence Capital*, 316 F.3d at 1052; *also see Griggs v. Pace. Amer. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (consideration of a motion to amend based on *Foman* factors "should generally be performed with all inferences in favor of granting the motion").

The *Foman* factors do not all merit equal weight.  Rather, the Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight," such that "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052 (citations and internal quotation marks omitted).  Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original); *see also DCD Programs*, 833 F.2d 186-87 (noting that the party opposing amendment "bears the burden of showing prejudice" and that "delay, by itself, is insufficient to justify denial of leave to amend").

///

# III.

## DISCUSSION

Plaintiff brings multiple claims under the ADA in this action.  Plaintiff alleges that "Defendants discriminated against Plaintiff" by denying him "full and equal enjoyment" and "use of the goods, services, facilities, privileges and accommodations" of the Store during repeated visits.  Doc. 2, ¶ 18.  Plaintiff further alleges that Defendants discriminated against him by failing to remove architectural barriers which could readily be removed; failing to modify existing policies and procedures to make goods, services and facilities accessible to people with disabilities; failing to design and construct an accessible facility; and failing to make an altered facility accessible.  Doc. 2, ¶¶ 19- 32.  Plaintiff's original complaint identified a barrier to access that he personally encountered when visiting the Store, i.e., the lack of an accessible route of travel from a designated disabled parking space to the Store's entrances.  Doc. 2, ¶ 10.  Plaintiff now seeks leave to amend the complaint to include additional barriers to his access that were identified during an on-site inspection of the subject premises that took place after the original complaint was filed.

Defendants oppose Plaintiff's motion to amend on grounds that it is brought in bad faith to increase the nuisance settlement value of this lawsuit; that the proposed amendment is futile because it contravenes the pleading standard for ADA barriers cases set forth in *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011); that the proposed amendment is futile and prejudicial because the barriers it seeks to add are not located on premises owned or controlled by Defendants; and, finally, that the proposed amendment would prejudice Defendants by affecting their internal case management processes.  Doc. 20.

///

///

4

**A.  The Americans with Disabilities Act ("ADA")**

The ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" with a nexus in interstate commerce.  42 U.S.C. §§ 12182(a), 2000a(b).  In the context of existing facilities, discrimination includes, *inter alia*, "a failure to remove architectural barriers … where such removal is readily achievable" as well as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such … facilities … to individuals with disabilities."  42 U.S.C. §§ 12182(b)(2)(A)(ii) and (iv).  In the case of newly constructed facilities, compliance with the ADA's antidiscrimination mandate requires these facilities to be "readily accessible to and usable by individuals with disabilities."  42 U.S.C. § 12183(a)(1).

Private plaintiffs may only sue for injunctive relief under the ADA.  *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).  The ADA clarifies that the ability to pursue this relief extends to "any person who is being subjected to discrimination on the basis of disability … or who has reasonable grounds for believing that such person is about to be subjected to discrimination."  42 U.S.C. § 12188(a)(1).  Further, in order to establish standing to sue under the ADA, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant] Store's actions, and that the injury can be redressed by a favorable decision."  *Chapman*, 631 F.3d at 946; *also see Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011) ("The irreducible constitutional minimum of standing includes three elements: (1) injury in fact; (2) causation; and (3) redressability.") (internal quotation marks and citation omitted); *Doran*, 524 F.3d at 1042 n. 5 ("Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in

fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III.").  In addition, in order to establish standing to pursue the injunctive relief available under the ADA, a plaintiff "must demonstrate a real and immediate threat of repeated injury in the future."  *Chapman*, 631 F.3d at 946 (internal quotation marks omitted).

### B.  An ADA Plaintiff Can Sue for Injunctive Relief as to Encountered and Un-encountered Barriers Related to His Disability

Plaintiff seeks to amend his complaint to add unencountered barriers to access that were not included in his original complaint.  Therefore, the Court briefly addresses at the outset whether an ADA plaintiff may sue for the removal of unencountered barriers to his access that exist at the facility in question.

In the landmark *Chapman* case, the Ninth Circuit clarified "that when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability."  *Chapman*, 631 F.3d at 944; *also see Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) ("[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability").  Thus, under *Chapman* and *Doran*, an ADA plaintiff "need not have personally encountered all the barriers that impede his access to the [defendant] Store in order to seek an injunction to remove those barriers."  *Chapman*, 631 F.3d at 951.  In sum, if an ADA plaintiff "has standing to pursue injunctive relief as to some of the barriers that he actually encountered, then he has standing to seek an order requiring the removal of all barriers at the [defendant] Store that are related to his disability and that he is likely to encounter on future

visits."[1] *Id.*

## C.  Propriety of the Proposed Amendment under the *Foman* Factors[2]

### (i)       There is no Prejudice to the Defendant

Plaintiff's original complaint identified only the barriers that Plaintiff personally encountered during visits to the Store.  Doc. 2, ¶ 10.  However, the complaint specifically noted that Plaintiff would amend the complaint to add unencountered barriers related to his disability that may exist at the Store, if and when any such barriers were identified.  Doc. 2, ¶ 11 ("it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access").

Plaintiff also noted his intent to amend the complaint to add unencountered barriers, in the parties' joint scheduling report.  Doc. 15 at 2.  Specifically, Plaintiff stated as follows:

> Plaintiff reserves the right to amend his complaint after he has had the Facility inspected by a Certified Access Specialist[,] should additional barriers to his full and equal access be identified[,] as urged and required by the Ninth Circuit.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011); *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 909 (9th Cir. 2011).

Doc. 15 at 2.  The Court's scheduling order subsequently set a deadline of January 10, 2014 for any amendments to the pleadings, which deadline Plaintiff has met here.  *See* Doc. 18.

Since Defendants have been on notice since the inception of this case that Plaintiff would amend his complaint to specify additional barriers to access related to his disability after an appropriate investigation, Plaintiff's proposed amendment does not unduly prejudice

---

[1] The rationale for this rule is clear: "[t]he ADA's remedial scheme is not limited to orders for the removal of encountered barriers, but instead dictates that 'injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'"  *Id.* (quoting 42 U.S.C. § 12188(a)(2)).

[2] Since this is the first amendment sought by Plaintiff, the *Foman* factor of "repeated failure on the part of the movant to cure deficiencies by amendments previously allowed" is not applicable here.  *See Eminence Capital*, 316 F.3d at 1052.

Defendants.[3]  Defendants were aware that such an amendment was forthcoming, and were thus in a position to plan for it and factor it into their defense of this case.  The *Foman* factor of prejudice to the defendant therefore militates in favor granting the proposed amendment.

### (ii)   There is no Bad Faith or Undue Delay on Plaintiff's Part

In his moving papers, Plaintiff explains that his expert consultant inspected the Store's premises on December 11, 2013 and provided a report to Plaintiff's counsel on January 2, 2014. Shortly thereafter, on January 6, 2014, Plaintiff "provided the proposed First Amended Complaint, together with a stipulation for its filing via email to counsel for Defendants."  Doc. 18-1 at 2.  When Defendants' counsel did not stipulate to the filing of the proposed First Amended Complaint, Plaintiff timely filed the instant motion to amend on January 10, 2014. Doc. 18-1 at 2.  These facts demonstrate to the Court's satisfaction that the proposed amendment is not sought in bad faith or with a dilatory motive on Plaintiff's part.[4]

### (iii)   The Proposed Amendment is not Futile

Leave to amend may be denied where the proposed amendment would be futile or legally insufficient.  *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988).  Defendants argue that the proposed amendments are futile because Plaintiff has not shown that the newly-identified barriers are connected to his disability or "explain[ed] how he was denied full and

---

[3] Given that Defendants have been on notice that Plaintiff would seek to amend its complaint and the fact that the Court's scheduling order authorized amendments to the pleadings initiated on or before January 10, 2014, Defendants' argument that the proposed amendment is prejudicial because it will force them to "re-start its discovery and internal investigation efforts" is unavailing. Doc. 20 at 9.  Moreover, Defendants' argument that the proposed amendment is prejudicial because one of the barriers that Plaintiff seeks to add would "implicate areas that Defendant neither owns nor controls," is also not persuasive, because it is premised on a factual dispute that is not appropriately resolved at the pleadings stage of the proceedings.  Doc. 20 at 9.

[4] Defendants' argument that Plaintiff is attempting to "shake down" Defendants and his motion to file an amended complaint is brought in bad faith so as to "increase the nuisance settlement value of this law suit" is unpersuasive. Doc. 20 at 2-3.  *See Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1062 (9th Cir. 2007); *Morales v. Ralphs Grocery Co.*, 2012 WL 6087699, *8 (E.D. Cal., Dec. 6, 2012).  Defendants' counsel is also admonished for citing authorities that were vacated and/or overruled, in support of this argument.  *See Morales*, 2012 WL 6087699 at *8 (admonishing Defendants' counsel for citing the same authorities in support of a similar argument).

equal access as a result of these alleged barriers as required by *Chapman*." Doc. 20 at 8.

In *Chapman*, the Ninth Circuit clarified "that when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability." *Chapman*, 631 F.3d at 944. The plaintiff in *Chapman*, however, failed to "sufficiently allege the essential elements of Article III standing" in the first instance. *Id*. at 954. Specifically, the plaintiff never clarified which architectural barriers he personally encountered when visiting the defendant store in that case. *Id.* at 954. The Ninth Circuit therefore found that because the plaintiff had not satisfied the injury-in-fact requirement of Article III standing (i.e., that he personally suffered discrimination under the ADA on account of his disability), he lacked standing to bring any ADA claim at all. *Id*. at 944, 954-955.

Here, the Plaintiff satisfied the requirements of Article III standing in his original complaint, which fact Defendants do not challenge. Plaintiff's original complaint states that Plaintiff is physically disabled and restricted to a wheel chair, and has personally encountered a barrier related to his disability (i.e., the lack of an accessible travel route from the disabled parking space to the Store's entrances), that interfered with his access to the Store's facilities, goods and services during multiple visits to the Store. Doc. 2, ¶¶ 7-10. The complaint also alleges that Plaintiff intends to return to the Store once the barriers are removed. Doc. 2, ¶ 12.

Plaintiff now seeks to amend his original complaint only to include additional, un-encountered barriers related to his disability, which were identified after the filing of the original complaint. Under Ninth Circuit precedents, Plaintiff must include in his complaint all barriers that form the grounds for his ADA discrimination claims. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) (an ADA plaintiff must identify barriers to access in his complaint

rather than permitting notice of each barrier to defendants through discovery); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006).  Both *Oliver* and *Pickern* clarify that when an ADA plaintiff identifies, after the filing of his initial complaint, additional barriers to access that are related to his disability, he must, in order to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), include those additional barriers in an amended complaint.  Under Rule 8(a), the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal ellipses and citation omitted); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (Fed. R. Civ. P. 8(a)(2) requires that the allegations in the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"); *also see Oliver*, 654 F.3d at 908-909 ("Where the claim is one of discrimination under the ADA due to the presence of architectural barriers at a place of public accommodation, we have held that the relevant 'grounds' are the allegedly non-compliant architectural features at the facility," which must be alleged in the complaint.); *Pickern*, 457 F.3d at 968-969.

Under *Oliver* and *Pickern*, Plaintiff is required to include all barriers that relate to his discrimination claim in his complaint, so as to give fair notice to Defendants of the grounds underlying his ADA claims.  Plaintiff's proposed first amended complaint specifically alleges that the un-encountered barriers he now seeks to add are related to his disability, and the barriers identified in the proposed amendment do appear to be reasonably related to Plaintiff's disability.  Hence, the proposed amendment is proper under Rule 8(a) and *Chapman's* holding that upon establishing standing, an ADA plaintiff may sue for the removal of all barriers to access that are related to his disability. [5]  In other words, Plaintiff's proposed First Amended Complaint

---

[5] The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6))."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  "To survive a motion to dismiss, a complaint must contain sufficient factual

1   adequately pleads facts to demonstrate that Plaintiff has standing to bring his discrimination

2   claims in this action and provides fair notice to Defendants of all the grounds underlying these

3   claims.

4       The Court concludes that Plaintiff's proposed amendment comports with the holdings of

5   *Chapman*, *Oliver*, and *Pickern*, and is not futile.[6]  Consequently, the final *Foman* factor, i.e.

6

7   whether the proposed amendment is futile, also weighs in favor of allowing the amendment.

8                                      **ORDER**

9       Given that all the applicable *Foman* factors favor allowing Plaintiff's proposed

10  amendment, Plaintiff's motion for leave to file a first amended complaint is GRANTED.  The

11  Clerk of this Court is directed to file the First Amended Complaint provided as Exhibit A to

12  Plaintiff's Memorandum of Points and Authorities in support of his motion.  Doc. 18-2.  The first

13  amended complaint shall be deemed filed as of the date of this order.  Defendants shall file a

14

15  responsive pleading on or before May 2, 2014.

16

17  IT IS SO ORDERED.

18      Dated:   __**April 11, 2014**__          _____**/s/ Gary S. Austin**_____

19                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23
_____

24  matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
    (2009) (internal punctuation and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual

25  content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct
    alleged." *Iqbal*, 556 U.S. 662, 678.

26  [6] Moreover, Defendants' argument that the proposed amendment is futile because one of the barriers that Plaintiff

27  seeks to add would "implicate areas that Defendant neither owns nor controls," is also not persuasive, because it is
    premised on a factual dispute that is not appropriately resolved at the pleadings stage of the proceedings.  Doc. 20 at

28  9.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28