GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
ALANA R. CHIMES, Cal. Bar No. 254730
achimes@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  (714) 513-5100
Facsimile:    (714) 513-5130

Attorneys for Defendants HOME DEPOT U.S.A., INC., and HD DEVELOPMENT OF MARYLAND, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT GEORGE CURTIS,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; HD DEVELOPMENT OF MARYLAND, INC., a Maryland Corporation, dba HD PROPERTIES OF MARYLAND,<br><br>    Defendants. | Case No. 1:13-CV-01151-AWI-GSA<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**<br><br>Hearing Information:<br>Date:<br>Time:<br>Dept.:<br><br>Complaint Filed:  July 24, 2013<br>Trial Date:          None Set |

Case No. 1:13-CV-01151-AWI-GSA

**IT IS HEREBY STIPULATED AND AGREED** by plaintiff Albert George Curtis ("Plaintiff") and defendants Home Depot U.S.A., Inc. and HD Development of Maryland, Inc. ("Defendants") (collectively, the "Parties"), through their undersigned counsel, that the following Protective Order be entered in this action to govern the use and dissemination of information, documents, and other tangible items designated as CONFIDENTIAL INFORMATION as set forth below:

1. <u>Designation of Confidential Information</u>.  This Protective Order applies to all discovery in this action whether directed to the Parties or third parties. Confidential information is information, documents or other material that concerns or relates to personal, private, confidential, commercially sensitive, and/or proprietary information of the Parties which the Parties would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, non-publically available financial data, contracts and agreements, current and future business plans, marketing, research, development or commercial information, projections, analyses or studies, costs, pricing, or purchasing information, training and operation policies and procedures, and other non-public, confidential information ("CONFIDENTIAL INFORMATION").  A party may designate information as CONFIDENTIAL INFORMATION by placing a stamp or notice stating "CONFIDENTIAL" prior to production.  The designation shall be placed on the first page of each document which is bound, stapled or otherwise affixed by a permanent or semi-permanent means of attachment, and on each page of any document not so affixed.  If information is produced in electronic format, such information may be designated as CONFIDENTIAL INFORMATION by placing a stamp or notice on the storage medium.  With respect to documents produced by third parties, designation may be made within 30 days after receipt by counsel.  With respect to documents made available for inspection and copying, designation need not be made until after inspection and selection by counsel.  Any such designated documents shall be

stamped "CONFIDENTIAL" by the copying service selected by the inspecting party.  Information disclosed at a deposition (including without limitation, questions, answers and exhibits) may be designated as CONFIDENTIAL INFORMATION by a statement on the record, or in writing within 30 days after completion of the original transcript of the deposition.  The entire deposition transcript may not be labeled as CONFIDENTIAL INFORMATION, rather, only specific pages and/or lines that contain CONFIDENTIAL INFORMATION.  Any documents produced in this action before entry of this Order may be designated in writing as CONFIDENTIAL INFORMATION within 30 days after entry of this Order.

      2.     <u>Subsequent Designation</u>.  Information or documents inadvertently disclosed without being designated as CONFIDENTIAL INFORMATION may be subsequently designated as such with written notice of that designation and a replacement copy, marked in accordance with this Protective Order.  There will be no breach of this Protective Order for any disclosure made prior to receipt of such notice that would otherwise have been authorized by this Protective Order but for the subsequent designation.  Those individuals who reviewed the re-designated material before the notice of the re-designation shall abide by the provisions of this Protective Order with respect to all future use and disclosure of any information contained in the re-designated materials.

      3.     <u>Challenging Designation</u>.  A Party may challenge the designation of any document as "Confidential Information" under this Protective Order by notifying the designating Party in writing of said challenge, including the identity of each document to which the challenge is directed and the specific factual and legal bases supporting the challenge.  Within ten (10) days of receipt of such challenge, the Parties shall meet-and-confer in good faith in a recorded telephone call in an effort to resolve the matter informally.  If the Parties are unable to resolve their dispute, the designating party must file a motion to determine the propriety of the

challenged designation.  Said motion must be *filed* within fourteen (14) days of the non-designating party informing the designating party that the meet and confer has failed and comply with the filing requirements of the Eastern District of California. Until the Court rules on the challenge, all parties shall continue to treat the material as confidential.  The designating party shall bear the burden of demonstrating that confidential treatment is warranted.

   4. <u>Permissible Disclosures</u>.  Material designated as CONFIDENTIAL INFORMATION shall be used only for the prosecution and/or defense of this litigation and for no other purpose, and may not be disclosed to any person other than:

    A. The Court and its personnel;

    B. Any mediator or settlement officer that may be retained by the Parties;

    C. Attorneys of record and their employees who have a need to know the information;

    D. Consultants or experts retained by any party for purposes of assisting in the preparation, investigation or presentation of claims or defenses in this litigation;

    E. Copy, data, hosting, court reporters and other providers of litigation services retained by the Parties for the purposes of this litigation;

    F. A deposition or trial witness in this litigation that may be examined and may testify concerning CONFIDENTIAL INFORMATION.

  Prior to being shown CONFIDENTIAL INFORMATION, any person falling within paragraph 4(B), (D), and (E) shall agree in writing to be bound by the terms of this Protective Order by signing an "Agreement to be Bound by Protective Order" attached as Exhibit A hereto.  The original, executed Agreement to be Bound by Protective Order signed by persons receiving CONFIDENTIAL INFORMATION

1  shall be maintained by counsel who obtained the agreement and shall be produced to
2  the designating party at his written request.
3       Notwithstanding any restrictions in this Protective Order regarding the use or
4  disclosure of materials designated as CONFIDENTIAL INFORMATION, nothing
5  contained herein shall prevent any party from disclosing its own CONFIDENTIAL
6  INFORMATION as deemed appropriate.
7       5.    <u>Protection from Disclosure</u>.  Anyone in possession of
8  CONFIDENTIAL INFORMATION shall take reasonable measures to bar access to
9  the designated information by anyone not allowed access pursuant to the terms of
10 this Protective Order.  If anyone subject to this Protective Order receives a subpoena
11 or other process to produce CONFIDENTIAL INFORMATION, then the recipient
12 shall promptly give notice of the same to the designating party's counsel.  The
13 recipient may not produce any CONFIDENTIAL INFORMATION prior to the date
14 specified for production and shall seek a reasonable extension of time, if necessary,
15 to afford the designating party an opportunity to object to the process and seek
16 protection from the Court.
17      6.    <u>Filing and Use in Court of Designated Confidential Documents</u>.  If any
18 party wishes to use any CONFIDENTIAL INFORMATION with any papers filed in
19 Court, such papers shall be accompanied by an application, pursuant to Local Rule
20 79-5 to file the CONFIDENTIAL INFORMATION under seal.  Parties and counsel
21 may not paraphrase or quote from designated CONFIDENTIAL INFORMATION
22 in any papers filed with the Court unless such party or counsel complies with Local
23 Rule 79-5 to file such papers under seal.
24      7.    <u>Non-Termination</u>.  The provisions of this Protective Order shall not
25 terminate at the conclusion of this action and the obligation to comply shall continue
26 indefinitely thereafter.  Within 60 days following the conclusion of this litigation
27 (defined as the end of this matter by trial, motion or settlement and, if concluded by
28 motion or trial, the exhaustion of available appeals or the running of time for taking

such appeals, as provided by applicable law), anyone subject to this Protective Order shall return CONFIDENTIAL INFORMATION to the designating party.

**STIPULATED AND AGREED**.

Dated:  April 21, 2014                    MOORE LAW FIRM, P.C.


                                          By:   /s/ Tanya Moore
                                                TANYA E. MOORE, ESQ.
                                                Attorney for Plaintiff
                                                Albert George Curtis


Dated:  April 21, 2014                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP



                                          By:   /s/ Gregory F. Hurley
                                                GREGORY F. HURLEY
                                                ALANA R. CHIMES
                                                Attorneys for Defendants
                                                HOME DEPOT U.S.A., INC., and HD DEVELOPMENT OF MARYLAND, INC.

## **ORDER**

The parties' stipulation for a protective order as set forth above (also filed as Doc. 37) is hereby GRANTED.

IT IS SO ORDERED.

   Dated:   **April 24, 2014**              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE