UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT GEORGE CURTIS,<br><br>Plaintiff<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and HD DEVELOPMENT OF MARYLAND, INC., a Maryland corporation d.b.a. HD Properties of Maryland,<br><br>Defendants | CASE NO. 1:13-CV-1151 AWI GSA<br><br>ORDER FOR RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION and ORDER VACATING DECEMBER 1, 2014 HEARING DATE<br><br>(Doc. No. 47) |

    This is a disability related case brought by Plaintiff Albert Curtis ("Curtis") against Defendants Home Depot U.S.A., Inc. and HD Development of Maryland, Inc. (collectively "Home Depot"). On October 24, 2014, Curtis filed a motion for summary judgment. See Doc. No. 43. In his motion, Curtis seeks an injunction, declaratory relief, and statutory damages of $4,000. See id. On November 3, 2014, Home Depot filed a motion for summary judgment on Curtis's Title III American's with Disabilities Act ("ADA") claims, and requested that the Court decline to exercise supplemental jurisdiction over Curtis's state law claims. See Doc. No. 46.

    On November 6, 2014, Curtis filed an ex parte application to strike the declaration of Home Depot's counsel, Alison Kleaver ("Kleaver"). See Doc. No. 47. Kleaver's declaration states in relevant part that she went to the store at issue, took measurements (including slopes), and then identifies those measurements. See Doc. No. 43-6. Home Depot's motion for summary judgment relies on Kleaver's declaration to establish measurements and the absence of certain ADA violations. See Doc. No. 43-1. Curtis objects that Kleaver did not disclose the measurements (including slope) prior to filing the motion in violation of Rule 37(c)(1), Kleaver

does not lay a proper foundation for the measurements, Kleaver was not listed as an expert witness, Curtis has not had the opportunity to conduct discovery on Kleaver's testimony, and Kleaver's testimony represents an ethical violation.  See id.  Home Depot has not filed a response to Curtis's ex parte application.

Damages are not available to an individual litigant under Title III of the ADA, rather only injunctive relief is available.  See 42 U.S.C. § 12188(a)(1); Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002).  If each ADA violation that was identified in the First Amended Complaint has now been corrected, then Curtis's pure ADA based claims are likely moot.  See Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); Molski v. Mandarin Touch Rest., 385 F.Supp.2d 1042, 1047 (C.D. Cal. 2005).  This is significant because the ADA cause of action was the basis for this Court's subject matter jurisdiction, and the injunctive relief sought is the clear lion's share of the cross motions.

Curtis's application raises substantial issues and concerns.  The Court has now been placed in a position where key aspects of this case may now be moot, but the evidence that establishes mootness may be suspect.  The Court finds it appropriate for Home Depot to respond to the entirety of Curtis's ex parte application to strike.

Additionally, discovery has closed, see Doc. No. 17, and it is possible that Home Depot may have violated Rule 37(c)(1).  Generally, exclusion of a witness or evidence is the appropriate remedy for a violation of Rule 37.  See Hoffman v. Constructive Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2009).  But the Court is not required to impose that remedy in all situations. See Paladin Assocs. v. Montana Power Co., 328 F.3d 1145, 1164 & n.23 (9th Cir. 2003).  The Court is given wide latitude in issuing Rule 37(c)(1) sanctions.  See Hoffman, 541 F.3d at 1178. Instead of excluding Kleaver's evidence *per se*, it may be appropriate to require Curtis's expert to return to the store at issue and take measurements to confirm or dispute that the ADA violations have been corrected.  The Court's docket is entirely too impacted to be spending time sifting through motions and issuing injunctions regarding ADA violations that no longer exist.  Having Curtis's expert confirm Home Depot's/Kleaver's representations may serve all interests involved,

including the interest of judicial economy.[1]

Finally, hearing on the summary judgment motions are set for December 1, 2014. The nature of Curtis's ex parte application make the December 1, 2014, date unrealistic. The Court will vacate the December 1, 2014 date. Once the Court has resolved Curtis's application, the Court will re-notice the summary judgment motions and set an appropriate briefing schedule.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant is to respond to Plaintiff's ex parte application to strike, as well as the possible Rule 37(c)(1) remedy discussed above, as soon as possible but no later than November 24, 2014;
2. Plaintiff may file a reply to Defendant's response as soon as possible, but no later than December 5, 2014; and
3. The December 1, 2014, hearing on the parties' respective summary judgment motions is VACATED.

IT IS SO ORDERED.

Dated:   November 12, 2014                    _____
                                              SENIOR DISTRICT JUDGE

---

[1] The parties are <u>highly</u> encouraged to meet and confer on the issue of mootness. If the parties can agree on a mutually beneficial solution, such as perhaps a voluntary re-inspection of the store to confirm Kleaver's measurements, then resolution of the summary judgment motions and Plaintiff's ex parte application may be resolved more expeditiously and without more extensive judicial oversight.