UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT GEORGE CURTIS,<br><br>Plaintiff<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and HD DEVELOPMENT OF MARYLAND, INC., a Maryland corporation d.b.a. HD Properties of Maryland,<br><br>Defendants | CASE NO. 1:13-CV-1151 AWI GSA<br><br>ORDER ON PLAINTIFF'S EX PARTE APPLICATION<br><br>(Doc. No. 47) |

This is a disability related case brought by Plaintiff Albert Curtis ("Curtis") against Defendants Home Depot U.S.A., Inc. and HD Development of Maryland, Inc. (collectively "Home Depot"). On October 24, 2014, Curtis filed a motion for summary judgment. See Doc. No. 43. In his motion, Curtis seeks an injunction, declaratory relief, and statutory damages of $4,000. See id. On November 3, 2014, Home Depot filed a motion for summary judgment on Curtis's Title III American's with Disabilities Act ("ADA") claims, and requested that the Court decline to exercise supplemental jurisdiction over Curtis's state law claims. See Doc. No. 46.

On November 6, 2014, Curtis filed an ex parte application to strike the declaration of Home Depot's counsel, Alison Kleaver ("Kleaver"). See Doc. No. 47. Curtis objected in part that there were ethical violations associated with the declaration, and that there were Rule 26/Rule 37 discovery violations. Kleaver's declaration states in relevant part that she went to the store at issue, took measurements (including slopes), and then identifies those measurements. See Doc. No. 43-6. Home Depot's motion for summary judgment relies on Kleaver's declaration to establish measurements and the absence of certain ADA violations. See Doc. No. 43-1.

On November 12, 2014, the Court ordered a response from Home Depot, and gave Curtis the opportunity to file a reply. See Doc. No. 50. The parties have filed their responses.

In his reply, Curtis states that he withdraws his motion to strike Kleaver's declaration. Curtis explains that the measurements contained therein are in degrees, but when the measurements are converted from degrees to percentages, the result shows that there are still ADA violations. Curtis also requests that the Court set an additional briefing schedule for opposition and reply briefs with respect to the pending summary judgment motions. Curtis states that, as part of the new summary judgment briefing, he will acknowledge those barriers that Home Depot has corrected and will not seek recover on them. Finally, Curtis requests that the Court permit him to file a motion for sanctions against Defendant based on the failure to properly supplement discovery responses. Curtis explains that Home Depot on several occasions could have disclosed new information, and that if discovery had been properly supplemented, then issues that are part of the summary judgment motion would not have been included.

Curtis's reply shapes how the Court will act on this matter. First, the Court will give effect to Curtis's request to withdraw the motion to strike. The ex parte motion to strike will be deemed withdrawn and denied as moot. Second, the Court will set a new briefing schedule for the parties to file oppositions and replies regarding the cross summary judgment motions. As part of that briefing, the parties should include arguments (supported by citation to evidence and authority) on the issue of whether a specific area must be fully compliant with ADA regulations, or whether it is permissible for part of the area to be in compliance and part of the area to not be in compliance.[1] Third, the Court will leave it to Curtis to decide whether he wishes to file a motion for monetary sanctions. Permission of the Court is not necessary before a litigant files a motion for sanctions. If Curtis decides to file a motion, that motion should be supported by evidence and on-point authority.

---

[1] Curtis's opposition indicates that the evidence submitted by Home Depot, specifically the Wall Declaration and the Kleaver Declaration, are contradictory. Curtis explains that Wall's Declaration includes measurements that show compliance, but that the measurements were taken in a different location from those in the Kleaver Declaration; Kleaver's Declaration shows non-compliance. See Doc. No. 50 at 4:7-27. The Court is not entirely sure exactly what Curtis is referring to. The additional briefing requested by the Court is intended to clarify what precisely Curtis is describing, and whether a specific area must be completely compliant to pass ADA regulations or whether some variation is permitted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' ex parte application to strike (Doc. No. 47) is WITHDRAWN and DENIED as moot;
2. The parties may file oppositions to the cross-summary judgment motions on or before December 22, 2014; and
3. The parties may file replies to the oppositions on or before January 6, 2015.[2]

IT IS SO ORDERED.

Dated: December 9, 2014

_____
SENIOR DISTRICT JUDGE

---

[2] If the Court determines that a hearing is necessary after it has reviewed the briefing, it will set a hearing date at that time.

3